FILED FOR RECORD
CASS COUNTY, TEXAS
1/30/2023 8:00 AM
JAMIE ALBERTSON
DISTRICT CLERK

CAUSE NO: 23C030

| | | |
|---|---|---|
| SHAWN QUINN, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § § § | |
| v. | § § | ____JUDICIAL DISTRICT |
| EDO'S TRUCING INC. & KELVYN GOMEZ DE LOS SANTOS | § § § § | CASS COUNTY, TEXAS |
| *Defendants*. | § § § | **JURY TRIAL DEMANDED** |

## Plaintiff's Original Petition

Plaintiff Shawn Quinn files this Original Petition against Defendants Edo's Trucking Inc. & Kelvyn Gomez De Los Santos, and in support of his causes of action, respectfully show this Honorable Court the following:

### I.
### Parties

**Plaintiff Shawn Quinn** is an individual residing in Cass County, Texas.

**Defendant Edo's Trucking, Inc.** is a for-profit corporation with its principal office in Mechanicsburg, Pennsylvania. Pursuant to TRCP 17.042 and 17.043 Defendant may be served with process via its Person(s) in Charge of Business, Eldin Ljuca or Jasna Ljuca, at Defendant's registered office, 6302 Valley Brook Dr., Mechanicsburg, PA 17051.

**Defendant Kelvyn Gomez De Los Santos** is an individual residing in Berks County, Pennsylvania. Defendant may be served at 618 Elm St. Reading, PA 19601 or wherever he may be found.

### II.
### Discovery Control Plan

This case is intended to be governed by Discovery Level 3.

1

## III.
## CLAIM FOR RELIEF

The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief in excess of $1,000,000, including damages of any kind, penalty, costs, expenses, punitive damages, pre-judgment interest, and attorney's fees.

## IV.
## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this cause of action because it involves an amount in excess of the minimum jurisdictional limits of this Court. This case is not removable pursuant to 28 U.S.C. 1441(b).

This Court has personal jurisdiction over Defendants because the causes of action herein arose from Defendants' systematic contacts with this forum state. Further, personal jurisdiction is proper because Defendants purposefully availed themselves to the benefits and protections of this state, and were conducting business in this state.

Venue is proper in Cass County, Texas under TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because a substantial part of the events or omissions giving rise to this claim occurred in Cass County, Texas, specifically the injury occurred in Cass County.

## V.
## FACTUAL BACKGROUND

### A. Introduction to the Parties.

Shawn Quinn is a resident of Atlanta, Texas. He works in the food and restaurant service industry. However, because of the permanent physical impairments suffered in the subject crash, Quinn was forced to miss close to a year of work and is now much slower on the job than he used to be.

At the time of the crash, Quinn was driving a 2014 Kia Optima. That vehicle is now totaled, as it was crushed in the subject collision and was torn apart by the Jaws of Life, as required to free Mr. Quinn as he laid unconscious inside the vehicle.

Defendant Edo's Trucking, Inc. ("Edo's") is a trucking company based in Mechanicsburg, PA. Edo's employed Defendant Gomez as a truck driver. Edo's owned or controlled the truck that caused the crash described below.

Defendant Gomez is a truck driver from Reading, PA. Defendant Gomez was driving the tractor-trailer that caused the crash.

### B. On February 9, 2021, Defendants caused a devastating crash in Cass County that seriously injured Plaintiff Quinn and left him without vision in his right eye.

On February 9, 2021, Mr. Quinn was driving his Kia Optima southbound on Interstate 369 in the far right-hand lane, closest to the shoulder. Defendant Gomez was stopped in the right-hand shoulder on the interstate, and failed to turn on his hazard lights or place any warning devices such as bi-directional emergency triangles, red flags, fuses, or safety flares.

Without warning and without signal, Defendant Gomez attempted to leave the shoulder and come into the far-right lane of traffic—directly into the path of Mr. Quinn. Because of Gomez's failure to signal, Mr. Quinn was not able to avoid Gomez's truck. It is of note that the accident report lists Gomez travelling well-under the posted speed limit at the time of the occurrence. He was travelling at a lower rate of speed because he was still in the process of leaving the shoulder and accelerating onto the interstate. Further, this collision occurred in heavy fog—all the more reason that Gomez should have used warning devices before re-entering lanes of travel on a busy interstate.

Mr. Quinn could not avoid the crash. He slammed into Gomez's vehicle and suffered catastrophic injuries. His car immediately burst into flames. The car was extinguished by an off-

3

duty school police officer who happened to see Quinn's car in flames. The photo below shows Mr. Quinn's vehicle after the fire had been extinguished.



The police report notes that Quinn "was trapped in the vehicle, and had to be removed by the fire department." The investigating officer was unable to speak to Quinn at the scene because he was unresponsive after the Jaws of Life were used to remove him from his vehicle.

Quinn was immediately transferred to St. Michael Hospital in Texarkana where doctors were tasked with saving his life. While in the hospital, Quinn laid unconscious for two weeks. He was treated for life-threatening injuries which included but are not limited to: a brain bleed, a stint in his head, permanent loss of vision in his right eye, multiple broken bones, a broken neck, and over 10 surgeries. The photo below shows Mr. Quinn shortly after being transported to St. Michael Hospital:

4



[illegible]

[illegible]

As a result of this incident, Mr. Quinn brings this lawsuit to recover damages caused by Defendants' reckless conduct and to ensure this avoidable event never happens again.

## VI.
## CAUSES OF ACTION

### A. Negligence/Gross Negligence

Plaintiff incorporates the above paragraphs as if set forth in full below.

Defendants owed Mr. Quinn a reasonable duty of care to act as a reasonably prudent person would. On the occasion in question, Defendants committed acts of omission and commission, which collectively and severally constituted negligence and gross negligence.

Defendants' imprudent acts included, but were not limited to:

- Failing to recognize and remediate hazards;
- Causing a vehicle crash;
- Failing to use a blinker before changing lanes;
- Failing to keep a proper look-out;
- Driving erratically;
- Failing to take evasive actions;

5

- Merging into another lane when unsafe to do so and without warning;
- Pulling into traffic without warning;
- Failing to use proper hazards and indicators while stopped on the shoulder;
- Failing to keep proper speed;
- Failing to observe and follow traffic laws, and to ensure employees or contractors observed and followed those laws;
- Refusing to take responsibility for the crash;
- Blaming another driver for the crash;
- Failing to ensure a driver was trained and qualified to drive trucks;
- Failing to implement and follow policies and procedures to ensure that drivers were properly trained and hired;
- Failing to implement and follow policies and procedures to ensure that drivers followed the rules of the road;
- Failing to implement and follow policies and procedures to investigate the cause of the crash and take remedial measures to avoid further crashes;
- Allowing a driver to operate a truck even when Defendants knew he posed a danger to the community;
- Failing to properly supervise and control drivers;
- Failing to enforce safety rules;
- Violating the Texas Transportation Code in numerous respects;
- Violating numerous Federal Motor Carrier Safety Regulations; and
- Participating in and contributing to the acts that caused the incident in question.

Each of these acts and omissions, singularly or in combination with others, constitute negligence on the part of Defendants, which was a direct and proximate cause of this incident and the injuries sustained by Plaintiff. These actions were knowing, reckless, and willfully indifferent or malicious. Plaintiff thus seeks punitive damages.

6

### B. Respondeat Superior/Agency

Plaintiff incorporates the above paragraphs as if set forth in full below.

At all times, Defendant Gomez was an agent and/or servant on behalf of Defendant Edo's Trucking, Inc. Edo exercised control over Gomez at all relevant times. Defendant Gomez was operating within the scope of his employment for Defendant Edo at the time of the crash.

As such, Defendant Edo is responsible for the conduct and damages caused by any conduct of their employees that contributed to the damages sought in this suit.

## VII.
## DAMAGES

As a direct and proximate result of the foregoing events, Plaintiff Quinn suffered damages in the past and, in reasonable probability, will continue to suffer damages in the future, including physical pain and suffering, mental anguish, loss of earning capacity, past, present, and future medical expenses, all for which Plaintiff seeks recovery herein. Plaintiff also seeks punitive damages.

## VIII.
## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial and tenders the appropriate fee with this petition.

## IX.
## CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendants.

## X.
## PRESERVATION OF EVIDENCE

Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident which made the basis of this lawsuit or the damages resulting therefrom, including statements, photographs, videotapes concerning the

events described herein, audiotapes, surveillance or security tapes, business or medical records, incident reports, bills, telephone call slips or records, correspondence, facsimiles, emails, voicemails, text messages, the 18-wheeler involved in this occurrence, policies, contracts, agreements of any kind, procedures, bylaws, drive-cameras, surveillance, reports and investigative materials, and any evidence involving any facts stated in this petition and the incident in question, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items may constitute "spoliation" of evidence.

## PRAYER

Plaintiff Shawn Quinn prays for judgment against Defendants in the amount of two million five hundred thousand dollars ($2,500,000) for actual damages for pecuniary losses, pain and suffering, disfigurement, mental anguish, and past, present, and future medical expenses; two million five hundred thousand dollars ($2,500,000) in exemplary damages; pre-judgment and post-judgment interest as allowed by law; all costs of Court; and all further relief, at law and in equity, to which he may be justly entitled.

Respectfully submitted,

THE BUZBEE LAW FIRM

By: */s/ Thomas C. Holler*
Anthony G. Buzbee
Texas Bar No. 24001820
tbuzbee@txattorneys.com
Thomas Colby Holler
Texas Bar No. 24126898
choller@txattorneys.com
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com

**Attorneys For Plaintiff Shawn Quinn**