IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SHAWN QUINN | § | |
| | § | |
| v. | § | Case No. 2:23-CV-0072-JRG-RSP |
| | § | |
| EDO'S TRUCKING INC., ET AL. | § | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendants' Motion to Dismiss and, In the Alternative, Motion for More Definite Statement. (Dkt. No. 12.) Defendants contend that Quinn has failed to properly plead a claim of direct negligence against Edo's Trucking, and claims of negligence per se, gross negligence, and several claims of negligence against Kelvyn Gomez de Los Santos. (*Id*. at 10-13.) For the reasons provided below, the motion should be **DENIED**.

I.   **LEGAL STANDARD**

A party may move to dismiss an action when the complaint fails "to state a claim upon which relief can be granted . . . ." FED. R. CIV. P. 12(b)(6). A complaint states a sufficient claim if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis in original) (citations omitted).

When considering a Rule 12 motion to dismiss, a court accepts "all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted). The court must then decide whether those facts "state a claim that is plausible on its face." *Bowlby*, 681 F.3d at 219.

1

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl.*, 550 U.S. at 556).

## II.     ANALYSIS

Defendants first contend that Plaintiff failed to plead any facts to support a negligence claim against Edo's Trucking. (Mot. at 10.) Defendants focus on the 11 "imprudent acts" listed in the complaint, arguing they "are not supported by pleaded facts and fail to articulate claims on which relief can be granted under Texas law." (*Id.* at 4-6.)

Plaintiff responds that a claim of negligence requires a showing of three elements (1) a duty, (2) breach of that duty, and (3) damages proximately caused by the breach. (Opp. at 5.) Plaintiff explains the complaint provides "detailed examples of how Defendant Edo breached its duty owed to Plaintiff," identifying the 11 "imprudent acts" as facts supporting his claims of negligence. (*Id.* at 7-8.)

The Court finds plaintiff's allegations are sufficient. Plaintiff has effectively pleaded a claim for negligence. While the 11 "imprudent acts" listed in the complaint may not themselves embody independent theories for liability, Plaintiff's theory is negligence, not those individual acts. Thus, the Court finds there is nothing to dismiss among the listed acts.

Defendants make the same argument as to certain pleadings regarding Plaintiff's negligence claim against Kelvyn Gomez de Los Santos. (*See* Mot. at 7-9, 12-13.) The Court finds

here too, that the listed items complained of by Defendants are supportive of Plaintiff's claim of negligence and not a defective claim themselves to be dismissed.

Next, Defendants argue that Plaintiff's negligence per se theories should likewise be dismissed because Plaintiff has not identified with particularity what law Defendants violated. (*Id*. at 10-11.) The Court finds that Plaintiff's negligence per se theory is sufficiently pleaded, particularly in light of Plaintiff's effectively pleaded negligence theory. Plaintiff's citation to the "Texas Transportation Code" and "Federal Motor Carrier Safety Regulations" and allegation of the violation of the same are sufficient for the pleading stage.

Defendants contend Plaintiff's gross negligence claims also fail. (Mot. at 11.) Defendants argue plaintiff makes no allegations that any act or omission "involved an extreme degree of risk" or that Defendants had an "actual, subjective awareness of the risk involved but nevertheless proceeded in conscious indifference to the rights, safety, or welfare of others." (*Id*. at 11-12.) Defendants further contend Plaintiff did not allege facts sufficient for Edo's Trucking to be held liable under some agency relationship. (*Id*. at 12.)

Plaintiff argues it has pleaded all requisite elements for gross negligence against both Defendants. (Opp. at 6-8.) Plaintiff points to multiple lists of behaviors it has alleged against both Defendants as showing factual support for its claims. (*Id*. at 7-8.)

The Court again finds Plaintiff's complaint sufficient. While the complaint does not cite the language of the gross negligence standard, such is not required. Rather, Plaintiff has pleaded facts that a jury could find rise to the level of an "extreme degree of risk" or "actual, subjective awareness" as to both Defendants. Again, Plaintiff's listing of "imprudent acts" does not act as individual theories of liability but rather factual contentions that give rise to Plaintiff's negligence and gross negligence theories. Taken as true, these facts may give rise to liability under gross

negligence. The Court also finds Plaintiff's pleading against Edo's Trucking itself and for respondeat superior are sufficient at this stage to allege the requisite agency relationship for Plaintiff's gross negligence claim.

As provided above, the Court finds Plaintiff has sufficiently pleaded claims of negligence and gross negligence against the Defendants. As such, the Court finds no grounds to grant Defendants' motion for a more definite statement.

### III.  CONCLUSION

For the reasons discussed above, it is **RECOMMENDED** that the motion to dismiss be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); see *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to the Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 29th day of February, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE